MESTER v. MORMAN.

MUNICIPAL CORPORATIONS — HIGHWAYS AND STREETS—CITY COMMISSION WITHOUT AUTHORITY TO GRANT USE OF PUBLIC STREET FOR PRIVATE PURPOSES.

A city commission has no power to grant to a private individual, for his private and exclusive use and benefit, the right to occupy a portion of a public street of the city with a side track, nor is said grant authorized by section 28, Art. 8, of the Constitution, which refers to public utilities and reserves to municipalities the right of reasonable control of their streets.

Appeal from Kent; Brown (William B.), J. Submitted April 29, 1924. (Docket No. 45.) Decided June 2, 1924.

Bill by Frank J. Mester and others against Samuel

A. Morman and others to enjoin the construction of a private side track in a public street. From a decree for plaintiffs, certain defendants appeal. Affirmed.

*Jewell, Raymond & Face,* for plaintiffs.

*Elvin Swarthout,* for appellants.

*Ganson Taggart,* City Attorney, for city of Grand Rapids.

CLARK, C. J.    Seward avenue, in Grand Rapids, runs north and south. For nearly 40 years, defendant Grand Rapids & Indiana Railway Company has occupied the east half of the street with its tracks. In the west half is a paved way 16½ feet wide for vehicular traffic, and there is a sidewalk. From the west rail of the west track to the west line of the street is, approximately, 34 feet. Remaining defendants are owners and occupants of a tract of land, consisting of a number of lots, fronting on the west side of the street, on which the occupants conduct a coal yard. The defendant railway entered into a contract with other defendants to construct for them and for their private and exclusive use a side track from its said most westerly track into and across the coal yard. The proposed side track would occupy the street longitudinally about 160 feet in crossing the said 34 feet. It describes an arc of about 23 degrees. Preliminary to construction, permission of the city commission was sought by the owners of the yard. It was granted with conditions as to revocability, maintenance, construction and liability. Construction was enjoined at the suit of plaintiffs, resident owners of lots on the street, or in the neighborhood. One plaintiff owns a lot, on which are two dwellings, having 100 feet frontage on Seward. The proposed side track would be in the street along his entire frontage. Defendant owners and occupants of the coal yard have appealed.

Many questions are discussed in elaborate briefs. But we accept the view of the trial court:

"In the view which this court takes of the case, it will be unnecessary to determine a number of very interesting questions of fact and law which are presented by the briefs filed by the various parties to this cause.    It is conceded by all of the defendants that the purpose of building the switch track in question on Seward avenue is for the private and exclusive use, benefit and profit of S. A. Morman & Company, and that the public will have no use whatever thereof nor derive any benefit therefrom.    The defendant railroad company expressly disclaims any interest whatever in the switch track, other than that of contractor with S. A. Morman & Company to construct the same for an agreed consideration.    The affidavit of Henry G. Krekel on file in this cause contains the following statement:

"'Affiant further says that the purpose of said spur and switch track is to serve said S. A. Morman & Co. in the conduct of their coal yard and that no other person, firm or corporation has or will have any right to use the same.    And that it will not be used for any through traffic, and that it will be used only by S. A. Morman & Co. in their business as dealers in fuel and building material and not for public purposes.'

"It appears to me that the controlling question in this case is whether or not the city commission of the city of Grand Rapids has the power to grant to a private individual, for his private and exclusive use and benefit, the right to occupy a portion of the public streets of the city of Grand Rapids with tracks to be used for switching purposes.    A careful examination of the authorities submitted by counsel convinces me that the city commission has no such power.    The law is clearly stated that a municipal corporation does not have the power to authorize the construction of a private railroad for exclusive individual use on a public street or highway."

We quote from 3 Elliott on Railroads (3d Ed.), § 1426:

"The power of municipalities to authorize railroads to use their streets may be derived either from an ex-

press grant or by necessary implication. It is a question of some doubt as to whether the general authority over streets which is usually given to them empowers them to grant to street railway companies the right to use their streets, but the better rule seems to be that it does. It is believed, however, that the ordinary powers of municipal corporations to regulate and improve their streets and prevent their obstruction are not in themselves sufficient to enable municipalities to grant the right to use their streets to ordinary commercial railroads, although it has been held that a city may grant such a right where it is given sole and exclusive control of its streets. It is clear that it cannot grant such a right where the railroad is for the mere private use of an individual."

And from 3 McQuillin on Municipal Corporations, § 1363:

"The prevailing rule is that a municipality, unless specially authorized, cannot grant to private individuals the right to construct a railroad track in a street to connect with a railroad or otherwise, or permit a railroad company to construct a spur for such purpose, for the reason that to do so would be granting the use of a street for a private purpose. So an individual cannot ordinarily be given a license to lay a railroad track across a street for his own private use."

For those who would pursue the subject further, ample citation of authorities will be found in footnotes of the texts above quoted.

But it is urged that defendants are aided by section 28 of article 8 of the State Constitution:

"No person, partnership, association or corporation operating a public utility shall have the right to the use of the highways, streets, alleys or other public places of any city, village or township for wires, poles, pipes, tracks or conduits, without the consent of the duly constituted authorities of such city, village or township; nor to transact a local business therein without first obtaining a franchise therefor from such city, village or township. The right of all cities, villages and townships to the reasonable control of their

streets, alleys and public places is hereby reserved to such cities, villages and townships."

The answer to the first sentence of the section is that the operation of a public utility is not proposed. That the city exercising the right of *reasonable control* of its street may permit it to be crossed and occupied by this private side track is best answered by *State* v. *Inhabitants of Trenton,* 36 N. J. Law, 79:

"Streets and highways are intended for the common and equal use of all citizens, to which end they must be regulated. An appropriation of them to private individual uses, from which the public derive no convenience, benefit or accommodation, is not a regulation, but a perversion of them from their lawful purposes, and cannot be regarded as an execution of the trust imposed in the city authorities."

The decree is affirmed, with costs to plaintiffs.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.